# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No._____

MICHAEL I. GOLDBERG, ESQ.
AS RECEIVER FOR CHAMPLAIN
TOWERS SOUTH CONDOMINIUM
ASSOCIATION, INC.                                    CASE #:

       Plaintiff,

vs.

AMTRUST INTERNATIONAL UNDERWRITERS
LIMITED, AMERISURE MUTUAL INS. CO.,
FIREMAN'S FUND INS. CO., JAMES RIVER
INS. CO., SECURITY NATIONAL INS. CO.,
THE TRAVELERS INDEMNITY CO.,
TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA, WESTERN WORLD INS. CO.,
CAMPANY ROOFING MAINTENANCE, LLC. AND
CONCRETE PROTECTION AND RESTORATION, INC.

       Defendants.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, AMTRUST INTERNATIONAL UNDERWRITERS LIMITED, ("AMTRUST"), and SECURITY NATIONAL INSURANCE COMPANY, ("SNIC"), through their undersigned counsel, hereby remove to this Court the instant action from the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County (the "State Court Action") and, in support of the removal, state as follows:

## THE STATE COURT ACTION

1.    The State Court Action was commenced by Plaintiff, MICHAEL I. GOLDBERG ESQ. AS RECEIVER FOR CHAMPLAIN TOWERS SOUTH CONDOMINIUM ASSOCIATION, INC., ("Plaintiff"), with the filing of the Complaint on February 22, 2022, in

the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (Case #2022-003410-CA-01). The original complaint named AMTRUST, as the sole Defendant.

2. On March 3, 2022, AMTRUST was served with Plaintiff's Complaint through the Chief Financial Officer of the State of Florida.

3. On March 3, 2022, Plaintiff filed its Amended Complaint. The Amended Complaint names eight different insurance companies, including AMTRUST, as well as two companies who served as the Association's subcontractors. Presently, Plaintiff's First Amended Complaint remains the operative pleading.

4. Undersigned counsel confirmed acceptance of service of process of the First Amended Complaint on behalf of AMTRUST and SNIC on **March 4, 2022**. *See* 3/4/22 e-mail from Gary Khutorsky, Esq. to Amanda Anderson, Esq. attached as **Exhibit "A."**

5. As of the filing of this Petition for Removal, no other defendant has been served. Accordingly, no consent to removal is required by any defendant. *Flournoy v. Dowd*, 2021 WL 6328352 *1 (N.D. Fla. Oct. 25, 2021) ("[T]he removal statute requires that 'all defendants who have been properly joined and served must join in or consent to the removal of the action.' 28 U.S.C. § 1446(b)(2)(A)"); *Paz v. Bonita Tomato Growers, Inc.*, 920 F.Supp. 174 (M.D. Fla. 1996) (joinder of defendants in notice of removal was unnecessary where non-joining defendant had not been served with process.)

6. Pursuant to 28 U.S.C. §1446(a), true and correct copies of the state court's docket as well as all "process, pleadings, and orders," which have been filed to date in the state court action are attached hereto as composite **Exhibit "B."**[1]

---

[1] Exhibit B includes Plaintiff's Amended Complaint which reflects a filing date of March 3, 2022, but which was not available on the state court's docket as of the filing of this notice.

7. CHAMPLAIN TOWERS SOUTH CONDOMINIUM ASSOCIATION, INC., ("ASSOCIATION"), has been sued in dozens of lawsuits as a result of the tragic collapse on June 24, 2021, of the Champlain Towers South, located in Surfside, Florida. These lawsuits were later consolidated into one Amended Consolidated Class Action Complaint retitled: In Re Champlain Towers South Collapse Litigation. ("*CTS* action"). On November 16, 2021, plaintiffs in the *CTS* action filed their Second Amended Consolidated Class Action Complaint in which numerous defendants were named.

8. The *CTS* action contains allegations of negligence against the ASSOCIATION, including failure to adequately communicate, failure to report, failure to notify, failure to warn/inform, failure to advise, failure to explain, failure to protect, failure to maintain the premises, and failure to insist and demand that repairs be performed, all of which are alleged to have resulted in property damage, injury and death.

9. The ASSOCIATION has brought the present lawsuit seeking declaratory relief and damages. The ASSOCIATION seeks a declaration that various insurance policies which were issued to it by the insurer defendants afford coverage for the claims which have been alleged against the ASSOCIATION in the *CTS* action. The ASSOCIATION has also asserted claims for breach of contract against the insurer defendants arising from their alleged failure to defend the ASSOCIATION in the *CTS* action.

10. AMTRUST issued a Comprehensive General Liability insurance policy to the Association, which was in effect from 12/28/2013 to 12/28/2014 and which afforded liability coverage subject to a limit of $1,000,000.

# JURISDICTION

I. **DIVERSITY OF CITIZENSHIP**

11. The ASSOCIATION is a not-for-profit corporation, organized or existing under the laws of the State of Florida with its principal place of business in Surfside, Florida. *See* First Amended Complaint, ¶4. As such the ASSOCIATION is a citizen of the State of Florida.

12. Michael I. Goldberg, Esq., is the court appointed receiver for the ASSOCIATION and is a resident of Florida. *See* Amended Complaint, ¶ 54. Mr. Goldberg is a citizen of the State of Florida.

13. Defendant, AMTRUST, is a corporation organized and existing under the laws of the Republic of Ireland with its United States principal place of business in New York City, New York.

14. Defendant, AMERISURE MUTUAL is a Michigan corporation with its principal place of business in Farmington Hills, Michigan.

15. Defendant, FIREMAN'S FUND INSURANCE COMPANY ("FFIC"), is a corporation existing under the laws of the State of California with its place of business in Novato, California.

16. Defendant, JAMES RIVER INSURANCE COMPANY ("JRIC") is an Ohio corporation with its principal place of business in Richmond, Virginia.

17. Defendant, SECURITY NATIONAL INSURANCE COMPANY, ("SNIC") is a Delaware corporation with its principal place of business in Dallas, Texas.

18. Defendant THE TRAVELERS INDEMNITY COMPANY, ("TRAVELERS INDEMNITY"), is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

19. Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ("TRAVELERS PROPERTY"), is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

20. Defendant, CAMPANY ROOFING MAINTENANCE, LLC ("CAMPANY"), is a Florida Corporation with its principal place of business in Florida. Although CAMPANY is listed in the style of the case and is listed among the defendants, the Amended Complaint does not assert any claims against CAMPANY.

21. CAMPANY's name appears in Counts 9 and 10 of the Amended Complaint. Count 9 seeks declaratory relief against CAMPANY's insurer, SNIC. In this count, the Association alleges that it qualifies as an Additional Insured under SNIC's policy, which was issued to CAMPANY. Count 10 is a claim for breach of contract against SNIC for its alleged failure to defend the Association in the underlying *CTS* action. Plaintiff's Amended Complaint does not seek any relief against CAMPANY.

22. Defendant, CONCRETE PROTECTION AND RESTORATION, INC., ("CPR"), is a Maryland corporation with its principal place of business in Baltimore, Maryland. Although CPR is listed in the style of the case and is listed among the defendants, the Amended Complaint does not assert any claims against CPR.

23. CPR's name appears in Counts 11 and 12 of the Amended Complaint. Count 11 seeks declaratory relief against CPR's insurer, TRAVELERS INDEMNITY. In this count, the Association alleges that it qualifies as an Additional Insured under TRAVELERS INDEMNITY's policy, which was issued to CPR. Count 12 is a claim for breach of contract against TRAVELERS INDEMNITY for its alleged failure to defend the Association in the underlying *CTS* action. Plaintiff's Amended Complaint does not seek any relief against CPR.

24. Based upon the above, complete diversity of citizenship exists under 28 U.S.C. § 1332 between Plaintiff and all defendants against whom any actual claims have been asserted.

II. **AMOUNT IN CONTROVERSY**

25. The amount in controversy in this action exceeds the $75,000 jurisdictional threshold in 28 U.S.C. § 1332.

26. Plaintiff seeks coverage under AMTRUST's insurance policy, which has a limit of $1,000,000. Plaintiffs in the underlying *CTS* action are claiming damages against the ASSOCIATION for the wrongful death of ninety-eight people as well as loss of property resulting from the collapse of Champlain Towers South. The damages which have been alleged against the ASSOCIATION and for which the ASSOCIATION seeks insurance coverage run into tens of millions of dollars.[2]

27. This Petition for Removal is filed within one year from the date on which this lawsuit was filed. This Petition for Removal was filed within thirty (30) days from the date on which this action became removable. Accordingly, this Petition is timely under 28 U.S.C. §1446(b).

28. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County.

---

[2] On February 22, 2022, the ASSOCIATION provided statutory notice to All Unit Owners, Insurers and All Interested Persons of Potential Liability in Excess of Liability Insurance. According to this Notice at the time of collapse "the Association maintained approximately $18 million of General Liability Coverage" and "the multiple claims against the Association substantially exceed the amount of the Association's General Liability Insurance coverage." A copy of the Notice is attached as **Exhibit "C."**

# MEMORANDUM OF LAW

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states . . . .

28 U.S.C. §1441 reads, in relevant part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States to the district and division embracing the place in which such action is pending . . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residents of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The instant action meets all requirements for removal from the State Court to Federal Court. This is an action between citizens of different states; the matter in controversy is in excess of this Court's jurisdictional amount of $75,000, exclusive of interests and costs; and this Petition for Removal was filed timely in accordance with the provisions of 28 U.S.C. § 1446(b), which states as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

*If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of the title more than 1 year after commencement of the action. (Emphasis added.)

**WHEREFORE**, Defendants, AMTRUST INTERNATIONAL UNDERWRITERS LIMITED and SECURITY NATIONAL INSURANXCEW COMPANY respectfully remove this action to this Court from the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Miami-Dade County.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Petition for Removal was sent by regular U.S. Mail and e-mail this **4th day of March 2022**, to all counsel identified on the below Service List.

By: *Gary I. Khutorsky*
**Gary I. Khutorsky, Esq.** (FBN 814271)
Email address: khutorsky@litchfieldcavo.com
**Stephanie Carlton, Esq**. (FBN 123763)
Email address: carlton@litchfieldcavo.com
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida 33334
T: (954) 689-3000 F: (954) 689-3001
*Counsel for Defendants,*
*AmTrust and Security National.*

**SERVICE LIST**

| | |
|---|---|
| Amanda Anderson, Esq.<br>Mark A. Boyle, Esq.<br>BOYLE, LEONARD & ANDERSON<br>9111 W. College PointeDrive<br>Fort Myers, FL 33919<br>eservice@insurance-counsel.com<br>aanderson@insurance-counsel.com<br>mboyle@insurance-counsel.com<br>Counsel for Plaintiff | |